IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW EVERETT,[1] | § | |
| | § | No. 267, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK15-02587 |
| LAUREN THOMAS, | § | Petition No. 21-30193 |
| | § | |
| Respondent Below, Appellee. | § | |

Submitted:  January 13, 2023
Decided:    January 20, 2023

Before **SEITZ**, Chief Justice; **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant ("Father") and the appellee ("Mother") are the parents of a child born in 2015 (the "Child").  Father filed this appeal from a Family Court order deciding a petition in which Father sought to modify custody and visitation with the Child and a motion in which Mother sought to "stay" Father's visitation with the Child.  For the reasons discussed below, we affirm.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The Family Court entered an order in December 2018 under which Mother has sole legal custody and primary residential placement of the Child and Father has visitation.  On February 28, 2020, the Family Court entered a consent order that modified the visitation component of the earlier order, providing for Father's visitation with the Child every other Saturday and Sunday from 9:00 a.m. until 5:00 p.m.  In December 2021, Father filed a petition, styled as a petition for a rule to show cause, in which he sought to modify the existing custody and visitation arrangement.  Counsel entered an appearance for Mother and filed a motion to stay Father's visitation.  Mother's motion alleged, among other things, that a recent photograph demonstrated that the Child was in Father's car in close proximity to a gun.

(3)     The Family Court scheduled trial on Father's petition and Mother's motion for May 12, 2022.  Mother's counsel sought a continuance, and the court rescheduled the trial for July 6, 2022.  Mother and her counsel appeared for the trial on July 6, 2022; Father did not.  After waiting for Father to appear, the court proceeded to hear Mother's testimony and receive other evidence.  Mother testified that the Child returned from a visit with Father in March 2022 and said that Father's dog had bitten her.  In response to a text from Mother inquiring about the incident, Father texted her a photograph, which the court admitted into evidence, of what appears to be a small dog or puppy in the front seat of a vehicle.  The photograph

2

also shows what appears to be two guns on the vehicle's center console. Mother also testified that Father had been shot in a gunfight in August 2021 and had been arguing with "the guys that he was in the altercation with" on social media and "talking about meeting up again." Mother requested that Father's visitation with the Child occur at the visitation center.

(4) On July 19, 2022, the Family Court entered an order providing that Father would have visitation with the Child at the family visitation center every other Saturday and Sunday as well as on specified holidays. The order further provided that the 2018 custody order and the 2020 consent order otherwise remained in effect. The court found that Mother credibly testified that Father was in a gunfight in August 2021 and had exchanged threats with the other individuals involved. The court also found that the photograph that Father sent Mother showed a puppy sitting in the front passenger seat of a vehicle and that two guns were clearly visible in the console. Applying 13 *Del. C.* §§ 728(a), 729, and the best-interest factors in 13 *Del. C.* § 722 to those facts as well as other factual findings made by the court, the Family Court concluded that it was in the Child's best interest for Father's visitation to occur in a supervised setting.

(5) Father has appealed to this Court. He argues that Mother's testimony was false. He states that he does not own a firearm and never had a firearm around the Child; he asserts that the previous owner of the dog texted him the photograph

3

at issue before Father purchased the dog. He states that he did not attend the hearing on July 6, 2022, because he had COVID-19.

(6)    We review the Family Court's entry of a default judgment against a party for failing to appear for abuse of discretion.[2] We find no abuse of discretion in the Family Court's modification of Father's visitation. The Family Court did not base its decision solely on Father's failure to appear, but received evidence in support of Mother's request that the court require that Father's visitation occur at the visitation center, made factual findings from that evidence, and considered the applicable factors under 13 *Del.* §§ 728(a), 729, and 722.[3] Father's opportunity to present evidence that the guns belonged to someone else and were never near the Child, or to otherwise contest the evidence that Mother presented or the conclusions that the court should draw from that evidence, was at the hearing in the Family Court. Father does not contend that he did not receive notice of the hearing, nor does he assert that he notified the court that he was ill and requested a continuance or an alternative means of attending the hearing, such as by videoconference.

---

[2] *Fether v. McDew*, 2020 WL 4544749, at *3 (Del. Aug. 6, 2020).

[3] *Cf. id.* (discussing precedent holding that when deciding residential custody or otherwise making a substantial change in a child's living arrangement, the Family Court must make a best-interests determination even if one of the parties is in default); *Anderson v. Anderson*, 2014 WL 4179116 (Del. Aug. 21, 2014) (affirming Family Court order that changed child's primary residential placement from father to mother based on uncontroverted testimony provided by mother at hearing of which father had notice but at which he did not appear). Because the Family Court conducted the best-interests analysis in this case, we need not consider whether it must always do so before modifying visitation by default.

(7)    Father also filed a motion in which he asserted that he should win this appeal by default because Mother's answering brief was untimely filed.  That motion is denied.  As the appellant, Father "has the burden of showing error below by reference to matters of record."[4]  For the reasons discussed above, he has not carried that burden.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  The appellant's motion for default judgment is DENIED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Cannon v. State*, 1983 WL 10912, at *1 (Del. Dec. 29, 1983).